IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GREGORY ROSHAY,

     Plaintiff,

v.                                 No. 1:25-cv-00925-KG-LF

EDUARDO BECERRA, et al.,

     Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Set Aside Entry of Default filed by Defendant Youngs Freightways Inc. d/b/a Young's Transport ("Youngs Freightways"), Doc. 12, and Plaintiff Gregory Roshay's Response, Doc. 14. Although the Clerk entered default against all defendants, only Youngs Freightways has moved to set it aside. The Court's analysis is therefore limited to whether Youngs Freightways has shown good cause under Federal Rule of Civil Procedure 55(c). For the reasons below, the motion is granted.

**I.**    ***Background***

On September 20, 2022, Defendant Eduardo Becerra was operating a semi-truck owned by Youngs Freightways when he rear-ended Roshay's truck and trailer, causing extensive damage to both. Doc. 1 at 3–4. Roshay claims that Becerra caused the collision because he had been "distracted" by his cell phone. *Id.* at 5. On September 24, 2025, Roshay invoked this Court's diversity jurisdiction to bring claims of negligence, negligence per se, and vicarious liability against Eduardo Becerra, Jane Doe Becerra, and Youngs Freightways. *Id.* at 2.

Youngs Freightways' insurer retained counsel for the company on November 6, 2025. Doc. 12 at 2–3. Counsel represents that they promptly reviewed the docket, and it appeared that Youngs Freightways had not been served. *Id.* On November 17, 2025, however, Roshay filed

1

certificates of service indicating that all defendants had been served several weeks earlier and that their time to answer the complaint had expired. *Id.* Roshay requested that the Clerk enter default against all defendants, and the Clerk entered the default on November 20, 2025. *Id.*

According to Youngs Freightways' counsel, they learned of the service filings and the entry of default several days later and promptly requested that Roshay stipulate to setting aside the default. *Id.* Roshay declined. *Id.*

Youngs Freightways now moves to set aside the entry of default under Rule 55(c). *Id.* It argues that its failure to respond resulted from a delay in assigning the case to counsel after the claim was submitted to their insurance company, which was "compounded by lack of notice of service through the online docket." *Id.* at 3–4. It also maintains that it will assert meritorious defenses, and that Roshay will suffer no prejudice because it filed the present motion less than two weeks after the entry of default. *Id.* Roshay opposes the motion, arguing that Youngs Freightways has failed to demonstrate "good cause" for its failure to respond. Doc. 14 at 2.

## II.    *Legal Standard*

If a party in default acts before entry of judgment, Rule 55(c) provides that the court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). "Default judgments are a harsh sanction." *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991). Therefore, the good cause standard "is fairly liberal because '[t]he preferred disposition of any case is upon its merits and not by default judgment.'" *Behounek v. Lujan Grisham*, 2020 WL 5757798, at *3 (D.N.M.) (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)). Because defaults are disfavored, "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

2

To determine whether the moving party has shown good cause, the district court considers three factors: "(1) whether the default resulted from culpable conduct by defendant, (2) whether plaintiff would be prejudiced if the default is set aside, and (3) whether defendant has presented a meritorious defense." *Calderon v. Herrera*, 2012 WL 13013070, at *2 (D.N.M.) (citing *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)).

### III.    Analysis

The Court considers each of these factors in turn and concludes that Youngs Freightways has shown good cause to set aside the entry of default.

#### A.    *Youngs Freightways' conduct was not culpable.*

To start, the culpable factor weighs in Youngs Freightways' favor. "Generally a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for the default." *United States v. Timbers Pres., Routt Cty.*, 999 F.2d 452, 454 (10th Cir. 1993). Courts disfavor default judgment "'purely as a penalty for delays in filing or other procedural error.'" *Noland v. City of Albuquerque*, 2009 WL 2424591, at *1 (D.N.M.) (quoting *In re Rains*, 946 F.2d at 733). "[A]n unintentional or good faith mistake does not rise to the level of culpable conduct under Rule 55(c), particularly where a party takes prompt action to remedy its error." *Lucero as Next Friend to Lucero v. City of Clovis Police Dep't*, 2021 WL 1326937, at *4 (D.N.M.), *report and recommendation adopted*, 2021 WL 2525644 (D.N.M.).

Under these principles, Youngs Freightways' conduct was not culpable under Rule 55(c). Nothing in the record suggests that it willfully ignored this litigation or acted in bad faith. Rather, its failure to respond was due to an administrative delay in assigning the case to counsel through its insurance company. Doc. 12 at 2–3. Its counsel claims that they checked the docket upon retention and believed, in good faith, that Youngs Freightways had not been served. *Id.*

And upon learning of the entry of default, Youngs Freightways' counsel immediately contacted Roshay and sought to have it set aside. Doc. 12 at 2–3. Moreover, it filed the present motion less than two weeks after the entry of default. *Id.* This promptness weighs in favor of vacatur. *See Beverly v. Martin*, 2023 WL 4532461, at *3 (D.N.M.). Accordingly, Youngs Freightways' conduct was not "culpable," and the first factor weighs in favor of relief.

### B.      *Roshay will not suffer prejudice.*

The second factor also favors Youngs Freightways because setting aside the entry of default would not prejudice Roshay. Upon learning of the entry of default, Youngs Freightways' counsel immediately contacted Roshay and sought to have it set aside. Doc. 12 at 2–3. Moreover, it filed the present motion less than two weeks after the entry. *Id.* This prompt action weighs in favor of vacatur. *See Beverly v. Martin*, 2023 WL 4532461, at *3 (D.N.M.).

Nor does Roshay contend that he would suffer any prejudice if the Court set aside the default. He argues that Youngs Freightways failed to satisfy the culpability factor, and therefore "the prejudice or lack thereof to Roshay of setting aside the default is much less of a factor to be considered." Doc. 14 at 3. In other words, Roshay does not dispute the absence of prejudice; he argues only that the Court should assign the factor little weight. Not so. As discussed above, Youngs Freightways *has* shown that its conduct was not culpable. Therefore, because setting aside the default would not prejudice Roshay, the second factor weighs strongly in Youngs Freightways' favor.

### C.      *Youngs Freightways has not raised meritorious defenses.*

Finally, the third good cause factor weighs in favor of Roshay. For this factor, "the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense

4

to the action." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978).  The movant is not required to persuade the Court that it is likely to prevail in its defense.  *See SecurityNational Mortg. Co. v. Head*, 2014 WL 4627483, at *3 (D. Colo.) ("A movant is not required to demonstrate a likelihood of success on the merits.") (citation and internal quotation marks omitted).  "Whether or not those allegations are true is not determined by the court upon the motion to set aside the default, but would be the subject of later litigation." *Lakeview Cheese Co., LLC v. Nelson-Ricks Creamery Co.*, 296 F.R.D. 649, 654 (D. Idaho 2013).

Youngs Freightways fails to carry this minimal burden.  The company offers a single sentence regarding its defenses: "[A]lthough there is significant evidence of liability on the part of the Defendant driver for this collision, there are defenses of causation and damages yet to be determined, against both the driver and his employer, and in a personal injury case, these defenses must be considered at least potentially meritorious at this early stage of litigation." Doc. 12 at 4.  This conclusory assertion does not explain how Youngs Freightways' version of the facts, if proven, would constitute a legally cognizable defense to Roshay's claims.  *See Roberson v. Farkas*, 2011 WL 13117113, at *5 (D.N.M.) (stating that a meritorious defense must be "legally cognizable"); *Beverly*, 2023 WL 4532461, at *4 (same).  This factor therefore weighs against Youngs Freightways.

Nonetheless, on balance, the Rule 55(c) factors favor relief.  Although Youngs Freightways has not alleged facts sufficient to establish meritorious defenses, its conduct leading to the default was not culpable and setting aside the default would not prejudice Roshay. Youngs Freightways has therefore shown good cause to set aside the entry of default.

*IV.*    *Conclusion*

For the reasons above, Defendant Youngs Freightways' motion to set aside entry of

default, Doc. 12, is granted.  The Clerk's Entry of Default is vacated as to Youngs Freightways.

The entry of default remains in effect as to the remaining defendants.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.